07-02-0212-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 13, 2002


______________________________



IN RE JOHANSON LEE WATSON
,




 Relator

_________________________________



ORIGINAL PROCEEDING


 _______________________________



Before BOYD, C.J., QUINN and REAVIS, J.J.

 Johanson Lee Watson petitions the court for a writ of mandamus asking that we
either correct, reverse, or vacate the judgment of conviction allegedly entered in cause
number 9480, Wilbarger County, Texas or dismiss said cause. Furthermore, he believes
himself entitled to same because the trial court "never found [him] guilty of the indictment
9480, in open court . . . ." We deny the petition.

 Mandamus issues to correct error when there is no adequate remedy by law. In re
Nolo Press/Folk Law Inc., 991 S.W.2d 768, 776 (Tex. 1999). Given that he questions the
legitimacy of his final felony conviction, the statutory remedy of habeas corpus is an
avenue available to him. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2002)
(discussing that remedy). Indeed, the document he filed with us indicates that such a
proceeding was filed and apparently pends for disposition. (1) Having a legal remedy
available to him, Watson has not satisfied the prerequisites for obtaining a writ of
mandamus. Accordingly, the writ is denied. See Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding that since the applicant's attempt to
vacate his felony conviction could be reviewed through an habeas proceeding initiated
under art. 11.07 of the Code of Criminal Procedure, mandamus could not issue). 

 

 Brian Quinn

 Justice



Do not publish.
1. Watson does not discuss the status of the habeas proceeding he initiated in Wilbarger County
encompassing the very same issue brought to us. Nor does he ask us to direct the trial court to act in any
manner, assuming that proceeding is pending.



duct by
having both engaged in prostitution and by failing to identify herself on February 15, 2007. 
She pled guilty to the offenses without a plea bargain. The trial court accepted her pleas
of guilt, adjudicated her guilty, and entered an order of disposition in which appellant was
placed on probation for eighteen months outside of her home. 
          If the court places a juvenile on probation outside the home, the court must make
a determination that 1) it is in the child’s best interests to be placed outside the home, 2)
reasonable efforts were made to prevent or eliminate the need for the juvenile’s removal
from the home and to make it possible for the juvenile to return to the home, and 3) the
juvenile cannot be provided the quality of care and level of support and supervision that the
juvenile needs to meet the conditions of probation in the home. Tex. Fam. Code Ann.
§54.04(i)(1) (Vernon Supp. 2007). The trial court made those findings in its order. 
However, appellant alleges the evidence is legally insufficient to support the findings that
outside placement is in the best interests of the child and that she cannot get the quality
of care and level of support and supervision she needs in the home. 
          The trial court has broad discretion in determining the disposition of a juvenile after 
an adjudication of delinquent conduct. In re M.L.B., 184 S.W.3d 784, 785 (Tex. App.–
Amarillo 2006, no pet.); In re C.G., 162 S.W.3d 448, 452 (Tex. App.– Dallas 2005, no
pet.). The legal sufficiency of the evidence is relevant in determining whether the trial court
abused that discretion. In re C.G., 162 S.W.3d at 452. In making a legal sufficiency
review, we apply the civil no-evidence standard and consider only the evidence and
inferences tending to support the findings and set aside the judgment only if there is no
evidence of probative force to support them. In re M.L.B., 184 S.W.3d at 785; In re H.R.C.,
153 S.W.3d 266, 269 (Tex. App.–El Paso 2004, no pet.). 
          The court’s disposition order stated the reasons for the child’s placement outside
the home were her past drug history and behavior which was dangerous to herself. The
record contains the following evidence in support of the trial court’s findings: 1) appellant
has a prior juvenile history dating back three years including a previous failure to identify,
evading arrest, failure to attend school, possession of marijuana, tampering with evidence,
and violating the terms of her probation (which violations included leaving home without
permission), 2) the current offenses occurred while she was still on probation, 3) appellant
began using drugs at the age of nine and, at the age of thirteen, she was using heroin daily
up until March 2006, 4) appellant suffers from depression, 5) appellant’s mother has been
addicted to crack cocaine, spent ten years on probation for the offense of delivery of LSD,
committed theft on October 18, 2006, and suffers from depression, 6) appellant has
previously attempted to solicit sex for money on four or five occasions although she
claimed that she would steal the money without performing any sexual acts, 7) appellant
offered a “blow job” to an undercover officer for $40 because she wanted money to buy a
dress to be in a wedding, 8) her brother’s girlfriend who was living in the home with
appellant suggested prostitution to her as a way to make money and was with appellant
at the time of her arrest, 9) appellant’s mother does not believe that her daughter 
prostituted herself, 10) appellant’s father has not been in her life since she was two years
old, 11) appellant’s brother is currently residing in a TYC facility, 12) appellant has run
away from home on two previous occasions, once when she was eleven years old and
once when she was thirteen years old at which time she stayed away for seven months,
13) appellant was enrolled in the Day Treatment Program at the time of her arrest in
February 2007 and was discharged from the program due to her arrest, 14) the probation
department recommended her placement outside of the home due to her previous juvenile
history and for her safety, and 15) the KAPS program in which she is enrolled also
recommended placement outside the home so she could receive the structure, stability,
schooling, and intensive counseling. 
          Admittedly there was evidence that both appellant and her mother had stopped
using drugs and that the brother’s girlfriend was no longer living in the home. Yet we view
the evidence in the light that supports the trial court’s decision and, in so doing, we cannot
say that the evidence before the court does not support its decision. The trial court was
entitled to consider the probation officer’s recommendation, the past history, and the ability
of the mother to recognize the child’s problems. See In re C. G., 162 S.W.3d at 452. 
Appellant had originally been placed on probation and allowed to stay in her home, but she
continued to commit offenses even while in the care of her mother who, at the time of the
hearing, was attempting to stay sober herself while suffering from depression. 
          Accordingly, we hold that the record contains ample evidence of probative force to
support the findings of the trial court. See In re K.T., 107 S.W.3d 65, 75 (Tex. App.–San
Antonio 2003, no pet.) (finding the evidence sufficient to support a placement with the
Texas Youth Commission when there was a history of adjudicated and unadjudicated
referrals dating back two years, while previously on probation the juvenile failed to
complete a drug program or enroll in a general equivalency program he had been referred
to, family members and friends of the juvenile had been convicted or adjudicated of drug
charges, and the juvenile was associated with a gang). So, its order is affirmed.
 

                                                                           Per Curiam