Opinion issued December 8, 2005









Opinion issued November
23, 2005




 

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00360-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHAEL TODD SONTCHI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 733851

 








 

 



MEMORANDUM OPINION

 

          The
trial court adjudicated appellant, Michael Todd Sontchi, guilty of aggravated
sexual assault of a child on August 1, 1997. 
The court sentenced Sontchi to thirty years’ confinement.  Sontchi did not move for a new trial, file a
motion in arrest of judgment, or file a notice of appeal.  See Tex.
R. App. P. 21.4(a), 22.3, 26.2(a). 
The trial court’s judgment therefore became final thirty days after
sentencing on Monday, September 1, 1997.[1]

More than six years later, on
February 27, 2004, Sontchi filed a motion for an out-of-time appeal in the
trial court.  The trial court denied
Sontchi’s motion on April 19, 2004. 
Sontchi appealed and this court dismissed the appeal for lack of
jurisdiction on June 17, 2004.  Sontchi
v. State, No. 01-04-00605-CR, 2004 WL 1351731 (Tex. App.—Houston [1st
Dist.] June 17, 2004, no pet.) (not designated for publication).

          On
March 14, 2005, Sontchi filed in the trial court a “Motion to Process Appeal on
Original Conviction.”  The trial court
denied Sontchi’s motion on March 17, 2005. 
This appeal followed.

          Although
not styled “Motion for Out-of-Time Appeal,” we construe Sontchi’s “Motion to
Process Appeal on Original Conviction” as a motion for an out-of-time
appeal.  In the motion, Sontchi asks the
trial court “to grant this motion so that the movant gets his appeal he would
have gotten had the lawyer correctly advised him of his rights to appeal, or at
least the second tier of review.”[2]  As we noted in Sontchi’s prior appeal,
however,

[n]either the trial court nor this Court has authority
to grant an out-of-time appeal.  The
exclusive post-conviction remedy in final felony convictions in Texas courts is
through a writ of habeas corpus pursuant to article 11.07 of the Code of
Criminal Procedure.  Ater v. Eighth
Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon Supp. 2004).

 

Id. at *1.      

Accordingly, we dismiss the appeal
for lack of jurisdiction.

          

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  Tex. R.
App. P. 47.2(b).











[1] The thirtieth day following the judgment fell on a
weekend.  See Tex. R. App. P. 4.1(a).





[2] In his notice of appeal from the trial court’s denial
of the motion to process appeal, Sontchi further explains that “[t]he appeal itself
is to show that the trial court and the State have jurisdiction to grant the
Appellant an appeal on his original conviction, because of responsibilities the
trial court did not meet, which are constitutionally required prior to the
statutory deadline to appeal passes, as well as the State, and because of
constitutional deprivations the Appellant would suffer if the statutory
deadline for appeal on the original conviction was applied to him.”