Opinion issued February 14, 2008 

 







 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00855-CR

____________


JOSEA JUAN CANTU, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

 Harris County, Texas

Trial Court Cause No. 666123






MEMORANDUM OPINION

 On August 18, 1993, Josea Juan Cantu, (1) with an agreed recommendation as to
punishment with the State, pleaded guilty to the felony offense of unauthorized use
of a motor vehicle. The trial court found Cantu guilty, suspended sentence, and
placed appellant on community supervision for four years, and assessed a fine of
$500.

 The State subsequently filed a motion to revoke probation to which appellant
pleaded true. Contemporaneously with his plea of true, the prosecutor, Cantu, and
Cantu's counsel signed a document styled stipulation of evidence. The stipulations
included a judicial confession, a waiver of constitutional rights and among others, the
following statements: 

 I am the same Jose Juan Cantu who on the date September
8, 1993, in Harris County, Texas was convicted of the
felony of unauthorized use of a motor vehicle in the 339th
District Court of Harris County, Texas, and was granted
adult probation for a period of five years... I judicially
confess that it is true that I violated the terms and
conditions of my probation as stated in...the State's motion. 
 

 After a hearing, the trial court found true the State's allegations that Cantu had
violated the conditions of his community supervision by failing to avoid injurious and
vicious habits, and found Cantu guilty of the original charge of unauthorized use of
a motor vehicle. The trial court sentenced Cantu to confinement for four years on
June 15, 1995. 

 The trial court's judgment became final on July 17, 1995 because the thirtieth
day following the judgment fell on a weekend. See Tex. R. App. P. 4.1(a). No motion
for new trial, motion in arrest of judgment, or notice of appeal was timely filed. See
Tex. R. App. P. 21.4(a), 22.3, 26.2(a). 

 On August 10, 2007, Leopoldo Aguado-Guel, who claims to also be known
as Josea Juan Cantu, filed in the 339th District Court a pro se document that
requested the trial court to vacate his conviction and sentence in cause number
666123. The trial court denied the motion on August 22, 2007 without a hearing. On
September 28, 2007, Aguado-Guel filed a notice of appeal in which he states that he
appeals from the "judgment in this case that was entered on the 22nd day of August
2007." We construe Leopoldo Aguado-Guel's pro se August 10, 2007document as
a motion for an out-of-time appeal. 

 Neither the trial court nor this Court has authority to grant an out-of-time
appeal. The exclusive post-conviction remedy in final felony convictions in Texas
courts is through a writ of habeas corpus pursuant to article 11.07 of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. Art. 11.07 (Vernon Supp. 2007); 
See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). 

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. The indictment, judgment, and sentence in trial court cause number 666123
name the defendant as Josea Juan Cantu.