Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed June 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00561-CR

____________

 

IN RE TOMMIE MELVIN BANKS, Relator

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



M E M O R A N D U M   O P I N I O N

 

            Relator Tommie Melvin Banks filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator asked this
court to compel the presiding judge of the 177th District Court of Harris
County to forward his application for post-conviction writ of habeas corpus to
the Court of Criminal Appeals.  .

            Relator entered a plea of guilty to murder, and the jury
assessed punishment at confinement for sixty years in the Institutional
Division of the Texas Department of Criminal Justice.  This court affirmed relator’s
conviction.  See Banks v. State, No. 14-97-01251-CR, 1999 WL 649091
(Tex. App.—Houston [14th Dist.] Aug. 26, 1999, pet. ref’d) (not designated for
publication).  

            According to his petition, relator filed an application for
writ of habeas corpus in the trial court on or about February 11, 2008.  See
Tex. Code Crim. Proc., art 11.07, § 3 (Vernon Supp. 2009).  Attached
to the petition is a copy of a March 19, 2008 order requiring trial and
appellate counsel to file affidavits responding to the allegations in relator’s
application.  According to the petition, appellate counsel complied with the
order in a timely manner, but trial counsel delayed for over a year.  Relator acknowledges
that trial counsel’s affidavit was filed on or about June 17, 2009, and that a
hearing on the application was scheduled two days later.  There are no copies attached
to the petition of an order or findings made by the trial court on relator’s
application.  See Tex. R. App. P. 52.7 (requiring relator to file a
certified or sworn copy of every document material to his claim for relief). 
The petition does not state whether the trial court has ruled on relator’s
application.

In a criminal case, mandamus relief is authorized only if the
relator establishes that (1) under the facts and the law, the act sought to be
compelled is purely ministerial; and (2) he has no other adequate legal remedy.
 State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003)
(orig. proceeding).  An act is ministerial if the law dictates the duty to be
performed with such certainty that nothing is left to the exercise of
discretion. State ex rel. Healy v. McMeans, 884 S.W.2d 772, 774 (Tex. Crim.
App. 1994) (orig. proceeding).

While the courts of appeals have mandamus jurisdiction in
criminal matters, only the Texas Court of Criminal Appeals has jurisdiction
over matters related to final post-conviction felony proceedings.  Ater v.
Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991).  This court has
no authority to issue a writ of mandamus to compel a district court judge to
rule on matters seeking post-conviction relief from final felony convictions.  See
In re McAfee, 53 S.W .3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001,
orig. proceeding).  Instead, the Court of Criminal Appeals has jurisdiction to
compel a trial court judge to act on a post-conviction petition for habeas
corpus.  See McCree v. Hampton, 824 S.W.2d 578, 578-79 (Tex. Crim. App. 1992). 


Because relator is seeking to compel the trial court to forward his
post-conviction application for writ of habeas corpus to the Court of Criminal
Appeals, we conclude that we do not have jurisdiction over this proceeding.  

            Accordingly, we dismiss relator’s petition for writ of
mandamus. 

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).