NO









NO. 12-10-00166-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             '     

 

IN RE:
MICHAEL KENNEDY,                       '     ORIGINAL PROCEEDING

RELATOR

                                                                             '     

 





MEMORANDUM
OPINION

            On
December 16, 2009, this court issued an opinion affirming Relator Michael
Kennedy’s conviction for theft, but remanding the case to the trial court for a
new punishment hearing.  See Kennedy v. State, No.
12-08-00246-CR, 2009 WL 4829989, at *4 (Tex. App.–Tyler Dec. 16, 2009, pet.
stricken) (mem. op., not designated for publication).  Relator has now filed a
pro se petition for writ of mandamus alleging that the trial court has not
complied with our mandate, which was issued April 30, 2010 and acknowledged as
received by the district clerk on May 4, 2010.  Accordingly, he requests a writ
of mandamus directing the trial court to conduct the required hearing.

            This
court has authority to issue a writ of mandamus in a criminal case if two
conditions are met:  (1) there is no adequate remedy at law and (2) the act
sought to be compelled is ministerial.  Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991).  Relator contends that the trial
court was required, but failed, to conduct a new trial on punishment within
forty-five days of the issuance of this court’s mandate.  As supporting
authority, he refers to rules of appellate procedure 68, 86, and 87.  Texas
Rule of Appellate Procedure 68 pertains to discretionary review in the court of
criminal appeals and has no application to the facts alleged by Relator in this
proceeding.  There are no rules of appellate procedure numbered 86 and 87. 
Consequently, Relator has not shown that the trial court has failed to perform
a ministerial act.  Relator’s petition for writ of mandamus is denied.

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered July 14, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)