

# NUMBER 13-11-00540-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE RANDY ANTONIO VASQUEZ

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justices Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam[1]**

Relator, Randy Antonio Vasquez, pro se, filed a petition for writ of mandamus in which he contends that respondents denied him due process and equal protection of the law by failing to disclose certain allegedly exculpatory evidence. We deny the requested relief for several reasons.

First, in his petition, Vasquez lists only the following parties as respondents: Greg Abbott, Attorney General of the State of Texas; Stephen B. Tyler, Criminal District Attorney for Victoria County; and Michael M. Kelly, M. P. "Dexter" Eaves, and David B. Smith, Assistant District Attorneys for Victoria County. We do not have mandamus

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions), 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

jurisdiction over these parties. *See* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004).

Second, even if the trial court is considered a respondent to Vasquez's petition, Vasquez has not shown that the act he seeks to compel is ministerial, rather than discretionary in nature. *See, e.g., Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 586 (Tex. Crim. App. 1993).

Third, while courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2010); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Vasquez attached to his petition an order rendered by the trial court denying a motion for discovery filed by Vasquez and finding that "the Mandate affirming [Vasquez]'s conviction was filed with the Victoria County District Clerk on 10/23/2008." His petition indicates that he was convicted of assaulting a public servant, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2010). Accordingly, even if Vasquez showed that he sought to enforce the performance of a ministerial act, the Texas Court of Criminal Appeals would have exclusive jurisdiction over that request. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5.

Having reviewed and fully considered Vasquez's petition, we conclude that he has not shown himself entitled to the relief sought. *See* TEX. R. APP. P. 52.8(a). The petition for writ of mandamus is DENIED.

PER CURIAM

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
17th day of August, 2011.

2