

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00268-CR

LEROY CHARLES WILSON                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Leroy Charles Wilson attempts to appeal from the trial court's denial of his motion for new trial, in which he complains about the trial court's findings of fact. The trial court's findings of fact were made in response to a December 8, 2010 order by the court of criminal appeals on appellant's application for writ of habeas corpus. In the order, the court of criminal appeals instructed the trial court to order the Texas Department of Criminal

---

[1]See Tex. R. App. P. 47.4.

Justice's Office of the General Counsel to file an affidavit listing appellant's sentence history. The court of criminal appeals also instructed the trial court to make findings of fact as to whether appellant had properly exhausted his administrative remedies and what time, if any, appellant was entitled to, as well as any other findings of fact and conclusions of law "that it deem[ed] relevant and appropriate to the disposition of [appellant's] claims for habeas corpus relief." *Ex parte Wilson*, No. WR-52158-04, 2010 WL 4978452, at *1 (Tex. Crim. App. Dec. 8, 2010, order) (not designated for publication). The court also ordered that appellant's application be held in abeyance until the trial court had resolved the fact issues. *Id.* at *2.

On July 14, 2011, this court notified appellant of our concern that we lacked jurisdiction over this appeal because we do not have jurisdiction over complaints involving article 11.07 writs of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010). We stated that unless appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction. Appellant filed a response, but it does not show grounds for continuing this appeal. Therefore, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the court of criminal

2

appeals is the "only court with jurisdiction in final post-conviction felony proceedings").

PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2011