**Petition for Writ of Mandamus Denied in Part, Dismissed in Part, and Memorandum Opinion filed September 20, 2012**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00788-CR

---

### IN RE HARDY SMITH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1055262-A**

---

## MEMORANDUM OPINION

On August 28, 2012, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator contends the presiding judge of the 179th District Court of Harris County, Texas, ordered the Clerk to prepare a transcript of all documents in cause number 1055262-A and transmit them to the Texas Court of Court of Criminal Appeals.

*See* Tex. Code Crim. Proc. art. 11.07 § 3 & (c). Relator complains he has not received notice that the documents have been transmitted to the court.

No record has been filed and relator has not attached a copy of any order signed by the trial court. *See* Tex. R. App. P. 52.3(k)(1)(A). It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a). Relator has not met his burden to obtain mandamus relief. *See State ex rel. Young,* 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus as to the judge of the 179th District Court is denied.

Further, our mandamus jurisdiction is limited to (1) writs against a district court judge or county court judge in our district, and (2) all writs necessary to enforce our jurisdiction. Tex. Gov't Code § 22.221. We do not have mandamus jurisdiction over the clerk of the 179th District Court. Relator's petition for writ of mandamus is not necessary to enforce this court's jurisdiction because we have none over post-conviction applications for habeas corpus relief from final felony convictions. *See Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim.App.1991) (holding that intermediate appellate court improperly granted mandamus relief because court of criminal appeals is "the only court with jurisdiction in final post-conviction felony proceedings"). Accordingly, the petition for writ of mandamus as to the clerk of the 179th District Court is ordered dismissed.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).