

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00297-CR

**IN RE** Lyle Richard **BRUMMETT**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  May 22, 2013

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On May 7, 2103, Relator Lyle Richard Brummett filed a petition for writ of mandamus complaining about the sentencing associated with his underlying felony conviction. In 1977, Relator Brummett was convicted of murder and was sentenced "by confinement in the Texas Department of Corrections for the term of his natural life." Relator's conviction became final in 1977. Relator subsequently filed multiple writs of habeas corpus with the Texas Court of Criminal Appeals in 1989 and 2008.

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910

---

[1] This proceeding arises out of Cause No. 3096, styled *State of Texas v. Lyle Richard Brummett*, pending in the 216th Judicial District Court, Kerr County, Texas, the Honorable N. Keith Williams presiding.

S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in Relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. Accordingly, Relator's petition is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH