# NO. 12-13-00256-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALBERT RANDOLPH,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

On August 15, 2013, Appellant Albert Randolph filed a "Notice of Appeal Pursuant to Article 11.07 of Tex. C.C.P. Writ of Habeas Corpus." By this notice, he informed the trial court that he desired to appeal his 2008 conviction for sexual assault of a child, which is a felony. He also requested in his notice that the trial court direct the Smith County District Attorney's Office to prepare a copy of the discovery in the case for inspection, and provide a copy to Appellant at no charge. The trial court signed an order dismissing Appellant's postjudgment request for discovery, but directed that his "Notice of Appeal Pursuant to Article 11.07 of Tex. C.C.P. Writ of Habeas Corpus" be forwarded to the clerk of this court.

Our records reflect that Appellant filed a notice of appeal in this court following his 2008 conviction. The appeal was transferred to the Texarkana court of appeals pursuant to an April 1, 2008 miscellaneous docket control order of the Supreme Court of Texas. The Texarkana court affirmed Appellant's conviction. *See Randolph v. State*, No. 06-08-00058-CR, 2008 WL 5058597, at *3 (Tex. App.–Texarkana Dec. 2, 2008, pet. ref'd) (mem. op., not designated for publication). Appellant now seeks postconviction relief under Texas Code of Criminal Procedure Article 11.07.

The court of criminal appeals has exclusive authority to grant postconviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim.

App. 1991). The Texas Code of Criminal Procedure prescribes the procedure for filing a postconviction habeas application to seek relief from a final felony conviction in a Texas court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012). The intermediate courts of appeals have no role in this procedure. *See id*. Therefore, we are without jurisdiction of this appeal.

On August 16, 2013, this court notified Appellant, pursuant to Texas Rule of Appellate Procedure 37.2, that the information received in this appeal does not contain a final judgment or other appealable order. Appellant was further informed that the appeal would be dismissed if the information received in the appeal was not amended on or before September 16, 2013, to show the jurisdiction of this court. Appellant has neither responded to this court's August 16, 2013 notice nor shown the jurisdiction of this court.

Because Appellant has not shown the jurisdiction of this court, the appeal is ***dismissed for want of jurisdiction.*** *See* TEX. R. APP. P. 37.1, 42.3.

Opinion delivered September 18, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 18, 2013**

**NO. 12-13-00256-CR**

**ALBERT RANDOLPH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-2075-07)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*