**Opinion issued December 5, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-13-00943-CR

———————————

## IN RE JOSE PAULINO CHAVEZ, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

On October 31, 2013, the relator, Jose Paulino Chavez, filed a petition for writ of mandamus, seeking to compel the trial court to rule on relator's post-

conviction "motion requesting district court to correct void judgment."[1]  We deny the petition for writ of mandamus because it is procedurally defective.[2]

Further, even if relator's petition complied with the Texas Rules of Appellate Procedure, we have no authority to order a district court judge to rule on a motion to void a sentence in a felony case in which the judgment is final.  *See In re Palacios*, No. 01-10-00592-CR, 2010 WL 3063125, at *1 (Tex. App.—Houston [1st Dist.] Aug. 4, 2010, orig. proceeding); *see also In re Ramirez*, No. 08-12-00352-CR, 2012 WL 6629828, at *1 (Tex. App.—El Paso Dec. 19, 2012, orig. proceeding).  Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Relator was convicted in trial court cause number 874365 of the offense of aggravated robbery and sentenced to 35 years imprisonment and a $10,000 fine. Relator appealed his conviction.  On December 18, 2008, we issued an opinion

---

[1]    The underlying case is *State v. Jose Paulino Chavez*, No. 874365, in the 338th District Court of Harris County, Texas, the Honorable Brock Thomas presiding.

[2]    *See* TEX. R. APP. 9.5 (requiring that document filed with Court must be served on all parties and that certificate of service contain date, manner of service, name and address of each person served, and, if person served is party's attorney, the name of party represented by that attorney); TEX. R. APP. P. 52.3(k) (requiring that petition include appendix containing certified or sworn copy of any document showing matter complained of); TEX. R. APP. P. 52.7 (requiring relator to file record with the petition containing certified or sworn copy of every document that is material to relator's claim).

affirming the trial court's judgment. *See Chavez v. State*, No. 01-07-00563-CR, 2008 WL 5263404 (Tex. App.—Houston [1st Dist.] Dec. 18, 2008, no pet.). Our mandate issued on September 3, 2009. The trial court's judgment of conviction is final and, therefore, we lack jurisdiction to compel the trial court to rule on relator's post-conviction "motion requesting district court to correct void judgment."

Based on the foregoing, relator's petition is **denied**. *See* TEX. R. APP. P. 52.8(a).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).