**DISMISS and Opinion Filed August 14, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00988-CV**

**No. 05-14-00989-CV**

**No. 05-14-00990-CV**

**No. 05-14-00991-CV**

**IN RE RAUL DAVID JACKSON, Relator**

**Original Proceeding from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F-0554511; F-0555473; F-0556279; F-0557397**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Relator filed this petition for writ of mandamus contending that his conviction is void because the trial court withdrew the relator's guilty plea after a disagreement arose between counsel for the state and counsel for relator concerning the terms of the plea agreement. The State subsequently re-indicted the relator and he pleaded guilty.

Relator argues that the decision of the court of criminal appeals in *Perkins v. Court of Appeals for Third Supreme Judicial District of Texas*[1] requires this Court to grant a writ of mandamus compelling the trial court to specifically enforce his original plea agreement. The *Perkins* case stood in a different procedural posture than this case, however. In this case a final

---

[1] 738 S.W.2d 276, 283 (Tex. Crim. App. 1987).

felony conviction is in place on the charges brought by the state following the withdrawal of relator's guilty plea. In *Perkins*, the relator had not yet been required to proceed following the trial court's withdrawal of the original plea agreement. Accordingly, in *Perkins* there was no conviction the relator could challenge by writ of habeas corpus.

The only proper means of collaterally attacking a final felony conviction is via petition for writ of habeas corpus under article 11.07 of the code of criminal procedure.[2] In a criminal case, to be entitled to mandamus relief, the relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act.[3] A petition for writ of habeas corpus is an adequate remedy at law and mandamus does not lie when the relator can seek relief via petition for writ of habeas corpus.[4] As a result, this Court does not have jurisdiction over relator's petition for writ of mandamus. We **DISMISS** the petition.


140988F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[2] TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped the exclusive authority of court of criminal appeals to grant post-conviction relief).

[3] *In re Bonilla,* 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (orig. proceeding).

[4] *Ater,* 802 S.W.2d at 243.