**DISMISS; and Opinion Filed May 26, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00593-CV

### IN RE ALLEN "F" CALTON, Relator

**Original Proceeding from the 213th District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 0843168D**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Fillmore, and Schenck
Opinion by Justice Schenck

The Court has before it relator's pro se petition for writ of mandamus and writ of prohibition. In the petition, relator asks that we both order the Clerk of the Second District Court of Appeals at Fort Worth to file his motion related to cause no. 02-04-00228-CR, styled *Allen Fitzgerald Calton v. The State of Texas*, and prohibit the Clerk of that Court from refusing to file further pro se motions regarding cause no. 02-04-00228-CR.[1] We conclude we lack jurisdiction over the petition.

This Court's jurisdiction over petitions for writ of mandamus and prohibition is governed by section 22.221 of the Texas Government Code. Section 22.221, in relevant part, provides that a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004).

---

[1] The petition was originally filed in the Second District Court of Appeals. It was transferred to this Court by order of the Texas Supreme Court.

Cause no. 02-04-00228-CR, styled *Allen Fitzgerald Calton v. The State of Texas*, involved the appeal from relator's conviction for attempted murder. The Second Court of Appeals issued its opinion and judgment affirming the conviction in 2005, relator withdrew his petition for discretionary review, and the appellate court's mandate issued on February 17, 2006. The Second District Court of Appeals lost jurisdiction to rule on any motions in the appeal long before relator filed his 2015 motion. *See generally* TEX. R. APP. P. 18 (mandate), 19 (plenary power of courts of appeals and expiration of term).

Moreover, although titled an "omnibus motion" in cause no. 02-04-00228-CR, the relief sought by relator's motion is, in substance, a collateral attack on his conviction, over which the Second District Court of Appeals is also without jurisdiction. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2015) (habeas corpus); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (Texas Court of Criminal Appeals only court with jurisdiction in final post-conviction felony proceedings). Because the Second District Court of Appeals does not have jurisdiction to grant relator the relief he seeks, no order prohibiting the Clerk of the Second District Court of Appeals from refusing to file motions in cause no. 02-04-00228-CR is necessary to protect the jurisdiction of that Court.

Accordingly, we dismiss relator's petition for writ of mandamus and prohibition for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160593F.P05