

# NUMBER 13-16-00404-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**WILLIAM CHARLES TAYLOR,**                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 331st District Court
### of Travis County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion Per Curiam

Appellant, William Charles Taylor, attempts to appeal the trial court's denial of a motion for new trial in trial court cause number D-1-DC-07-300708.[1]  We dismiss the appeal for lack of jurisdiction.

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

Sentence in this matter was imposed on September 12, 2007 and notice of appeal was filed on June 14, 2016. On July 20, 2010, the Clerk of this Court notified appellant that it appeared that there was no final, appealable judgment. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant filed a response containing a copy of his motion for new trial and refers to a prior memorandum opinion and judgment issued in cause number 03-07-00613-CR.

The Third Court of Appeals issued a memorandum opinion and judgment in cause number 13-07-0613-CR on November 13, 2007 arising out of the same trial court cause number, D-1-DC-07-300708. The opinion dismissed the appeal because the trial court's certification did not show the defendant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

This Court lacks jurisdiction to consider a second appeal from appellant's final conviction. The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Texas Code of Criminal Procedure 11.07. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw through 2015 R.S.) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Ater v. Eighth Court of Appeals,* 802 S. W.2d 241 (Tex. Crim. App. 1991).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. *See* TEX. R. APP. P.42.3(a), 43.2(f).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
2nd day of September, 2016.

2