JONES *et al. v.* ANDERSON *et al.*

(*Knoxville*, September Term, 1938.)

Opinion filed November 25, 1938.

D. O. HARRIS, of Harriman, and DAVIS & DAVIS, of Wartburg, for complainants.

J. W. STONE, of Harriman, and MAE R. STRICKLIN, of Wartburg, for defendants.

PER CURIAM:—This is an ejectment suit tried upon much proof in which there was a decree for defendant and an appeal to this court.

Lack of jurisdiction on our part was suggested at the hearing but it was stated that the case involved a constitutional question, the nature of which question we did not at that time comprehend.

An examination of the record discloses the so-called constitutional question to rise upon the validity of chapter 43 of the Acts of 1919, carried into the Code at sections 9158, 9159. The Act is:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That hereafter no suit shall be brought or maintained in the State of Tennessee in any court, either at law or in equity, to recover the title to any land, or to stay waste, or quiet title, until all unpaid taxes assessed against any land, and to the owner or claimant, proposing to bring any such suit, or assessed to his predecessor in title, together with all legal interests, penalties and costs, shall have been paid for a period of seven years, immediately next before the bringing of any such suit.

"Sec. 2. Be it further enacted, That Section 1 of this Act shall only apply to those acquiring title to lands, or claims to lands, by deed, or otherwise, after this Act shall become passed and effective.

"Sec. 3. Be it further enacted, That all laws and parts of laws in conflict with this Act be, and the same are hereby repealed.

"Sec. 4. Be it further enacted, That this Act take effect from and after September 1, 1919, the public welfare requiring it."

The only point on the Act is that since section 2 makes

it apply to those only who acquired title or claim to lands after the effective date of the Act, an arbitrary distinction is made between those acquiring title or claim before September 1, 1919, and those acquiring title or claim after that date.

We think counsel cannot seriously contend that this is a substantial or *bona fide* constitutional question, and the constitutional question must be such an one to deprive the Court of Appeals of jurisdiction of a suit of this nature.

Every change of the law relating to a particular matter works a difference between the nature of the rights of those acquiring an interest in such subject matter before the change and those acquiring an interest in the subject matter after the change. This is so unless the new law is of a kind that can be made retrospective and is expressly so made. Those acquiring interests after the change of the law take subject to that change and have no cause of complaint. They take interests different in character from interests earlier acquired.

No other constitutional objection to the Act of 1919 is suggested, and the case is transferred to the Court of Appeals.