**Hon. Gene ATER, Judge 70th District Court & Hon. Tryon D. Lewis, Judge, 161st District Court, Relators,**

v.

**The EIGHTH COURT OF APPEALS, Respondent.**

No. 71131.

Court of Criminal Appeals of Texas, En Banc.

Jan. 16, 1991.

Gary Garrison, Dist. Atty. and Dennis Cadra, Asst. Dist. Atty., Odessa, for relators.

Max N. Osborn, Chief Justice, Eighth Court of Appeals, El Paso, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

OVERSTREET, Judge.

This is an original action brought by District Judges Ater and Lewis from Ector County (relators). The relators want this Court to issue a writ of mandamus directing the court of appeals to set aside an order granting mandamus relief to a criminal defendant, Cecilio Beyna. The court of appeals granted mandamus relief against the relators by directing them to vacate the defendant's final felony conviction. 793 S.W.2d 313. The relators contend that the court of appeals clearly abused its discretion in granting the mandamus relief. We will grant the relief requested.

The defendant was indicted for attempted murder. Pursuant to a plea bargain agreement, he pled guilty to aggravated assault. Punishment was assessed at ten years, probated, and a $500.00 fine. The judgment describes the offense as "aggravated assault with a deadly weapon." No appeal was taken from this conviction.

Two years after the plea, the State filed a motion to revoke the defendant's probation. The probation was revoked and punishment assessed at eight years. The defendant appealed the order revoking his probation. The defendant asserted in the court of appeals that his conviction was invalid because of an improper assessment of punishment.

Specifically, the defendant argued that there was no authority to grant probation because of the presence of an affirmative finding of the use or exhibition of a deadly weapon. In an unpublished opinion, the court of appeals rejected the argument. The court of appeals found that the defendant was in no position to argue that probation was erroneously granted when the trial judge could not grant it initially. The eight year sentence was vacated and the court of appeals reinstated the original judgment of ten years. The judgment was

reformed to delete the original grant of probation.

The defendant then filed an original application for writ of mandamus in the court of appeals. Within that application, the defendant challenged the original judgment of conviction and order granting probation entered by the trial judge. The defendant maintained:

> The granting of the probation was void as a matter of law. All judgments entered thereafter were likewise nullified, because the court could not, did not have the authority to grant probation: thus, the plea is void as well. On the basis of the foregoing, both the Respondents' judgments are void as a matter of law which annuls the plea.

In a published opinion, *Beyna v. Ater*, 793 S.W.2d 313 (Tex.App.—El Paso 1990), the court of appeals conditionally granted the mandamus relief. The court of appeals ordered the trial judges (relators) to vacate the original judgment of conviction and ordered the defendant released to the Sheriff's custody in order to answer to the information.

■ The relators (Judges Ater and Lewis) now seek mandamus relief against the court of appeals. They contend that the court of appeals usurped the exclusive authority of this Court to grant post conviction relief. We agree. When reviewing a mandamus action of the court of appeals a two part test must be met before we have jurisdiction.

■ First, the relator must have no adequate remedy at law. Second, the court of appeals must have clearly abused its discretion. *Dickens v. Court of Appeals, 2nd Sup. Jud. Dist.*, 727 S.W.2d 542 (Tex. Cr.App.1987). The first prong of the *Dickens* test is met: the relators have no adequate remedy at law. In *Jacolos v. State*, 692 S.W.2d 724 (Tex.Cr.App.1985), we held that there is no remedy via a petition for discretionary review from an adverse ruling in an original mandamus proceeding. Consequently, the only relief the relators have available from the mandamus ruling of the court of appeals is this action, the present writ of mandamus proceeding.

■ The second prong of the *Dickens* test is also met. The court of appeals clearly abused its discretion when it issued its mandamus order. For the court of appeals to have authority to enter a mandamus order a similar, but different, two part standard from the one set out in *Dickens* is used. First, there must be no adequate remedy at law. Second, the act which is sought to be compelled must be ministerial, rather than discretionary in nature. *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr.App.1978). We will only concern ourselves with the first part of the standard.

The first part of the *Vance* test is not met. The adequate remedy at law available to the defendant was a writ of habeas corpus. Article 11.07, V.A.C.C.P. The Article 11.07 writ of habeas corpus is a writ of right. Article 1.08, V.A.C.C.P., states: "The writ of habeas corpus is a writ of right and shall never be suspended." Because an adequate remedy at law existed, the court of appeals clearly abused its discretion when it granted the original mandamus order.

What the court of appeals tried to do was treat the original mandamus petition as a writ of habeas corpus. We are the only court with jurisdiction in final post-conviction felony proceedings. We find it unnecessary to address the merits of the relators' contention. We conditionally grant relators' application for writ of mandamus. However, the writ will not issue on the condition that the Eighth Court of Appeals withdraw its order of July 11, 1990.

TEAGUE, J., not participating.

CLINTON, Judge, concurring.

Being constrained to join the judgment of the Court does not preclude me from observing that the very fact of this prolonged litigation demonstrates once again the folly in ever bestowing upon courts of appeals jurisdiction, power and authority to issue writs of mandamus in criminal law matters. *Dickens v. Court of Appeals*, 727 S.W.2d 542 (Tex.Cr.App.1987) (Clinton, J., dissenting at 553 ff.).

According to our record, pursuant to a plea bargain the original judgment was made November 27, 1984; the order revoking probation was signed June 26, 1986; on July 8, 1987, the court of appeals vacated punishment part of the latter and reinstated the former, after reforming it by deleting the initial grant of probation; a nunc pro tunc judgment including for the first time a purported "affirmative" deadly weapon finding was entered October 22, 1987.

The record does not reveal the present status of the real party in interest, Cecilio Reyna, now more than six years since submitting his plea bargain to the trial court.