Opinion issued June 5, 2008

 









 






In The

Court of Appeals

For The

First District of Texas


____________


NO. 01-07-00236-CR

_____________


ERIC DEWAYNE SMALL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 209th District Court 

 Harris County, Texas

Trial Court Cause No. 985103






MEMORANDUM OPINION

 Appellant, Eric Dewayne Small, was convicted by a jury of murder, and, after
pleading true to one enhancement paragraph, the jury assessed his punishment at
confinement for 99 years.

 On March 24, 2006, the trial court sentenced appellant and signed a final
judgment in this case. The thirtieth day after sentencing fell on Sunday, April 23,
2006, and, therefore, the deadline for filing notice of appeal was Monday, April 24,
2006. See Tex. R. App. P. 4.1(a), 26.2(a)(1).

 On April 24, 2006, appellant's counsel, Arthur Washington, filed a motion for
new trial and a motion in arrest of judgment that extended the deadline for filing
notice of appeal to June 22, 2006. Tex. R. App. P. 4.1(a), 26.2(a)(1). The motions
were overruled by operation of law. See Tex. R. App. P. 21.6, 21.8 (a), (c), 22.4(b). 
Therefore, the trial court's judgment became final 90 days after sentencing on June 22,
2006. See Tex. R. App. P. 26.2. 

 On March 13, 2007, 264 days after the deadline for filing a notice of appeal in
this case, appellant filed a pro se document entitled "petitioner's memorandum of law
in support of his petition for writ of habeas corpus requesting an out-of-time appeal." 
The district clerk's office treated the document filed on March 13, 2007 as a notice of
appeal and sent it to this Court. This appeal followed.

 We construe the document filed on March 13, 2007 as a motion for out-of-time
appeal. Neither the trial court nor this Court has authority to grant an out-of-time
appeal. The exclusive post-conviction remedy in final felony convictions in Texas
courts is through a writ of habeas corpus pursuant to article 11.07 of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. Art. 11.07 (Vernon Supp. 2007); 
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) .

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM 

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).