NO. 07-08-0334-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 3, 2008

______________________________


JESSE WALKER AND MELISSA WALKER, APPELLANTS

v.

HUNTERS CROSSING, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 96,861; HON. W. F. “CORKY” ROBERTS, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 
MEMORANDUM OPINION
          Appellants Jesse and Melissa Walker filed a notice of appeal from a judgment
entered against them on August 14, 2008. The clerk’s record was filed in this Court on
October 13, and the reporter’s record, on October 9, 2008.
 
          By letter of November 20, 2008, the Court reminded appellants that their brief was
due no later than Wednesday, November 12, and thus was past due. The letter notified
appellants that their appeal was subject to dismissal for want of prosecution unless their
brief was filed, along with a motion for extension of time, by Monday, December 1. See
Tex. R. App. P. 38.6.
          An appellate court may dismiss an appeal for want of prosecution if an appellant
fails to timely file a brief unless the appellant reasonably explains the failure and the
appellee is not significantly injured by the failure. Tex. R. App. P. 38.8(a)(1). On its own
motion, with ten days’ notice to the parties, an appellate court may dismiss a civil appeal
for want of prosecution or failure to comply with a notice from the clerk requiring a
response or other action within a specified time. Tex. R. App. P. 42.3(b), (c). Here,
appellants have not filed a brief or a motion for extension by the date specified by the
Court, despite notice that their failure to do so would subject the appeal to dismissal. The
Court has given the parties the required ten days’ notice. 
          Accordingly, we dismiss appellants’ appeal for want of prosecution and failure to
comply with a notice from the Court. See Tex. R. App. P. 38,8(a)(1); 42.3(b), (c).


James T. Campbell

Justice



 



           



ti 2000, pet ref'd). 
 Thus, we do not find either Birmingham or Mr. Penguin controlling. Though we have no jurisdiction over the appeal, we would admonish appellant that
he may still be able to obtain relief by seeking an out of time appeal from the Texas Court
of Criminal Appeals. Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App.
1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of
habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). And,
with that admonishment, we deny appellant's motion to continue the appeal and dismiss
the cause for want of jurisdiction.

 

 Per Curiam 

Do not publish. 
1. Attached to the "Motion for Continuation of Appeal" is a copy of a letter from trial counsel, dated
November 16, 2004, to the trial court and requesting the latter to sign the enclosed notice of appeal and certify
appellant's right to appeal. The trial court did so on November 18, 2004. Trial counsel, further, requested that
the trial court file the notice with the "District Clerk." Appellant concedes that the notice was not filed with the
court clerk until November 22, 2004. Furthermore, he did not file a motion to extend the deadline by which
to perfect his appeal within 15 days from the date the notice was due.