# NO. 12-10-00166-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| *IN RE: MICHAEL KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

## *MEMORANDUM OPINION*

On December 16, 2009, this court issued an opinion affirming Relator Michael Kennedy's conviction for theft, but remanding the case to the trial court for a new punishment hearing. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at *4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication). Relator has now filed a pro se petition for writ of mandamus alleging that the trial court has not complied with our mandate, which was issued April 30, 2010 and acknowledged as received by the district clerk on May 4, 2010. Accordingly, he requests a writ of mandamus directing the trial court to conduct the required hearing.

This court has authority to issue a writ of mandamus in a criminal case if two conditions are met: (1) there is no adequate remedy at law and (2) the act sought to be compelled is ministerial. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Relator contends that the trial court was required, but failed, to conduct a new trial on punishment within forty-five days of the issuance of this court's mandate. As supporting authority, he refers to rules of appellate procedure 68, 86, and 87. Texas Rule of Appellate Procedure 68 pertains to discretionary review in the court of criminal appeals and has no application to the facts alleged by Relator in this proceeding. There are no rules of appellate procedure numbered 86 and 87. Consequently, Relator has not shown that the trial court has failed to perform a ministerial act. Relator's petition for writ of mandamus is *denied*.

 
 **SAM GRIFFITH**
 Justice

Opinion delivered July 14, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)