# NO. 12-10-00297-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

In this original proceeding, Relator Michael Kennedy complains of various actions of the trial court related to his criminal trial and conviction. We dismiss the petition in part and deny it in part.

### BACKGROUND

Relator was charged with theft, and the case was tried to a jury. Relator was allowed to represent himself at trial, but with standby counsel. He was convicted, sentenced to sixty-two years of imprisonment, and fined ten thousand dollars. Relator immediately informed the trial court that he wanted to represent himself on appeal. The trial court denied his request and appointed appellate counsel. This court affirmed Relator's conviction, but remanded for a new sentencing hearing. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at *4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication).

### AVAILABILITY OF MANDAMUS

This court has authority to issue a writ of mandamus in a criminal case if two conditions are met: (1) there is no adequate remedy at law and (2) the act sought to be compelled is ministerial. ***Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Relator first complains that he was prevented from asserting in his trial for felony theft, and on appeal from his conviction, that no crime had been committed. Thus, he contends, his due process rights were violated because he was convicted on no evidence. On April 30, 2010, this court issued its mandate in Relator's appeal. *See* TEX. R. APP. P. 18.1(a). Therefore, Relator has exhausted his appeals and is now, in substance, seeking habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 1 (Vernon Supp. 2010). We are not authorized to act on a petition for writ of habeas corpus seeking relief from a final felony conviction. *See* TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004). The Texas Court of Criminal Appeals has exclusive jurisdiction over postconviction writs of habeas corpus in felony cases. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2010). Therefore, we are without jurisdiction to consider Relator's complaints pertaining to his theft conviction.

Relator further complains that the trial court has not issued a capias for him to be brought back to Anderson County to await his new sentencing hearing. The information furnished to this court indicates that the new sentencing hearing is scheduled for October 26, 2010. Relator has not cited any authority, nor are we aware of any, supporting his position that the trial court had a ministerial duty to issue the capias upon receipt of this court's mandate in the appeal. Therefore, Relator has not satisfied the second prerequisite to mandamus. Because Relator has not shown that he seeks to compel an act that is ministerial, we need not address whether he has an adequate remedy at law.

## DISPOSITION

Based upon the foregoing analysis, we (1) ***dismiss*** the portion of Relator's petition relating to his complaint about his theft conviction and (2) ***deny*** the portion relating to his complaint about the trial court's failure to issue a capias.

Opinion delivered September 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J. and Hoyle, J.*

(DO NOT PUBLISH)