NUMBER 13-11-00540-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

IN RE RANDY ANTONIO
VASQUEZ

                                                                                                                             

 

On Petition for Writ
of Mandamus.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justices
Valdez and Justices Rodriguez and Garza

Memorandum Opinion Per
Curiam[1]

 

            Relator, Randy Antonio
Vasquez, pro se, filed a petition for writ of mandamus in which he contends
that respondents denied him due process and equal protection of the law by
failing to disclose certain allegedly exculpatory evidence.  We deny the
requested relief for several reasons.

First, in his petition, Vasquez lists only
the following parties as respondents:  Greg Abbott, Attorney General of the
State of Texas; Stephen B. Tyler, Criminal District Attorney for Victoria
County; and Michael M. Kelly, M. P. “Dexter” Eaves, and David B. Smith,
Assistant District Attorneys for Victoria County.  We do not have mandamus
jurisdiction over these parties.  See Tex.
Gov’t Code Ann. § 22.221(b) (West 2004).

Second, even if the trial court is
considered a respondent to Vasquez’s petition, Vasquez has not shown that the
act he seeks to compel is ministerial, rather than discretionary in nature.  See,
e.g., Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 586 (Tex.
Crim. App. 1993).

Third, while courts of appeals have
mandamus jurisdiction in criminal matters, only the Texas Court of Criminal
Appeals has jurisdiction in final post-conviction felony proceedings.  Tex. Code Crim. Proc. Ann. art. 11.07,
§ 5 (West Supp. 2010); Ater v. Eighth Court of Appeals, 802 S.W.2d 241,
243 (Tex. Crim. App. 1991).  Vasquez attached to his petition an order rendered
by the trial court denying a motion for discovery filed by Vasquez and finding
that “the Mandate affirming [Vasquez]’s conviction was filed with the Victoria
County District Clerk on 10/23/2008.”  His petition indicates that he was
convicted of assaulting a public servant, a third-degree felony.  See Tex. Penal Code Ann. § 22.01(a)(1) (West
2010).  Accordingly, even if Vasquez showed that he sought to enforce the
performance of a ministerial act, the Texas Court of Criminal Appeals would
have exclusive jurisdiction over that request.
 See Tex. Code Crim. Proc.
Ann. art. 11.07, § 5.

Having reviewed and fully considered
Vasquez’s petition, we conclude that he has not shown himself entitled to the
relief sought.  See
Tex. R. App. P. 52.8(a).  The petition for writ of mandamus is DENIED.

PER CURIAM

 

Do
Not Publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

17th
day of August, 2011.









[1]
See Tex. R. App. P. 47.4
(distinguishing opinions and memorandum opinions), 52.8(d) (“When denying
relief, the court may hand down an opinion but is not required to do so.”).