



# MEMORANDUM OPINION

No. 04-12-00314-CR

**In re Hermes Vasquez, Relator**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Karen Angelini, Justice
    Rebecca Simmons, Justice
    Steven C. Hilbig, Justice

Delivered and Filed: June 13, 2012

DISMISSED FOR LACK OF JURISDICTION

On May 23, 2012, Relator Hermes Vasquez filed a petition for writ of mandamus, complaining that there was a clerical error with the trial court's certification of the defendant's right to appeal. On December 7, 2011, this court dismissed the appeal in Cause No. 04-11-00723-CR for lack of jurisdiction. We note that there is no defect to correct because the trial court certification conforms to the record. Therefore, Relator's felony conviction became final.

Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2011); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910

---

[1] This proceeding arises out of Cause No. 2011-CR-0855A, styled *State of Texas v. Hermes Vasquez*, pending in the 399th Judicial District Court, Bexar County, Texas, the Honorable Juanita A. Vasquez-Gardner presiding.

S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that "Article 11.07 provides the exclusive means to challenge a final felony conviction."). Because the relief sought in Relator's petition relates to post-conviction relief from an otherwise final felony conviction, we are without jurisdiction to consider his petition for writ of mandamus. Accordingly, Relator's petition is dismissed for lack of jurisdiction.


PER CURIAM


DO NOT PUBLISH