# NO. 12-14-00149-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: KEVIN REVELS,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

---

### *MEMORANDUM OPINION*

In 1993, Relator Kevin Revels was convicted of aggravated assault on a correctional officer with a deadly weapon. This court affirmed his conviction. *See generally* No. 12-93-00325-CR (Tex. App.–Tyler June 29, 1995, pet. ref'd) (per curiam). In this original mandamus proceeding, Relator asserts that his conviction is void because it was obtained by a "prison special prosecutor." Thus, he requests this court to make a finding that the trial court was not to allow the use of a special prosecutor to obtain a conviction. He also requests a writ of mandamus "to have the illegal order of conviction removed and set the case back at time of arrest of Relator." The respondent is the Honorable Pam Fletcher, Judge of the 349th Judicial District Court, Houston County, Texas.

Initially, we note that a void judgment is a "nullity" and can be attacked at any time. ***Nix v. State***, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). A judgment for conviction of a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and thus the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. ***Id.*** Although this list has not been characterized as exclusive, "it is very nearly so." ***Id***.

at 668. Relator has not shown that any of these circumstances are present here. Therefore, we cannot agree that the judgment of conviction in this case is void.

Additionally, we have previously addressed Relator's complaint regarding the special prosecutor in another mandamus proceeding. *See generally* ***In re Revels***, No. 12-11-00407-CR, 2012 WL 343957 (Tex. App.–Tyler Jan. 31, 2012, orig. proceeding) (per curiam) (mem. op., not designated for publication). As we stated in that opinion, the court of criminal appeals has exclusive authority to grant postconviction relief from a final felony conviction. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Relator informs us that he has already raised this issue by filing several postconviction petitions for writ of habeas corpus, but has failed to obtain relief. Nevertheless, this court does not have jurisdiction to address his complaint. *See **id.***

Because the court of criminal appeals has exclusive authority to grant postconviction relief from a final felony conviction, we have no jurisdiction to consider Relator's petition for writ of mandamus. Accordingly, the petition is ***dismissed***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 11, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 11, 2014**

**NO. 12-14-00149-CR**

**KEVIN REVELS,**
Relator
V.
**HON. PAM FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **KEVIN REVELS**, who is the defendant in Cause No. 14,115-CR, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on June 9, 2014, and the same having been duly considered, because it is the opinion of this Court that this Court lacks jurisdiction to consider Relator's petition for writ of mandamus, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DISMISSED FOR WANT OF JURISDICTION.**

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*