

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00003-CV

IN RE CONNIE RAY PALMER                                    RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 43,866-B

----------

## MEMORANDUM OPINION[1]

----------

Relator Connie Ray Palmer seeks a writ of mandamus, asking us to order the 78th District Court of Wichita County to "correct a defective certification of the right to appeal" his conviction for aggravated robbery.  This conviction is final; we previously dismissed the appeal of it for want of jurisdiction based on relator's waiver of his right to appeal, and relator did not timely seek review with the court of criminal appeals.  *See Palmer v. State*, No. 02-09-00211-CR, 2009 WL

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

2414363, at *1 (Tex. App.—Fort Worth Aug. 6, 2009, pet. dism'd) (mem. op., not designated for publication).

Relator wants us to "order the trial court . . . to [resubmit] a proper certification of [his] right to appeal showing [he] has a limited right to appeal matters related to his illegal sentence." But he predicates this requested relief upon challenges to the validity of his final conviction and alleged errors that occurred before it, including his principal argument that he entered into an illegal plea bargain associated with the revocation of his deferred adjudication community supervision.

After a final felony conviction, the procedure outlined in article 11.07 of the code of criminal procedure—filing an application for writ of habeas corpus with the court of criminal appeals—is the exclusive means of seeking relief. Tex. Code Crim. Proc. Ann. art. 11.07, §§ 1, 3(a), 5 (West Supp. 2014); *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that in granting a writ of mandamus to vacate a judgment of conviction on the basis of an allegedly invalid guilty plea, a court of appeals usurped the exclusive authority of the court of criminal appeals to grant postconviction relief); *see also In re Crain*, No. 05-14-01623-CV, 2015 WL 84675, at *1 (Tex. App.—Dallas Jan. 7, 2015, orig. proceeding) (mem. op.) (holding that the court of appeals had no jurisdiction to hear various complaints related to a final felony conviction); *In re Jackson*, Nos. 05-14-00988-CV, 05-14-

00989-CV, 05-14-00990-CV, 05-14-00991-CV, 2014 WL 3962822, at *1 (Tex. App.—Dallas Aug. 14, 2014, orig. proceeding) (mem. op.) ("The only proper means of collaterally attacking a final felony conviction is via petition for writ of habeas corpus under article 11.07 of the code of criminal procedure."); *In re Cox*, No. 03-12-00342-CV, 2012 WL 2076852, at *1 (Tex. App.—Austin June 7, 2012, orig. proceeding) (mem. op.) ("A claim of an illegal sentence, under the circumstances presented here, is not an appropriate basis for mandamus relief but instead is a matter for habeas-corpus relief."). Because relator premises the relief that he seeks on collateral attacks on his conviction and because such collateral attacks are not cognizable in this mandamus proceeding, we dismiss his petition for writ of mandamus for want of jurisdiction. *See Ater*, 802 S.W.2d at 243; *Crain*, 2015 WL 84675, at *1.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED: January 16, 2015

3