# NO. 12-17-00198-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALVIN EUGENE HINES,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

In 2013, Alvin Eugene Hines was convicted of murder and sentenced to imprisonment for sixty years. Because of an untimely filed notice of appeal, this Court dismissed his appeal for want of jurisdiction. *See Hines v. State*, No. 12-13-00325-CR, 2013 WL 6155628 (Tex. App.–Tyler Nov. 21, 2013, no pet.) (mem. op., not designated for publication). In 2015, the court of criminal appeals denied habeas relief. *See Ex parte Hines*, WR-80,819-02, 2015 WL 13469329 (Tex. Crim. App. July 1, 2015) (order). On June 21, 2017, Appellant filed another notice of appeal with this Court.

On June 21, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no new final judgment or appealable order. *See* TEX. R. APP. P. 37.2, 44.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before July 21 to show this Court's jurisdiction. In response, Appellant stated that, in 2013, judgment was entered and Appellant was sentenced in trial court cause number 31047, and that this Court has jurisdiction under Article 4.03 of the code of criminal procedure.

Under Article 4.03, appellate courts "have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed." TEX. CODE CRIM. PROC. ANN. art. 4.03 (West 2005). However, the notice of

appeal must be filed within thirty days after sentence is imposed or within ninety days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). Appellant's sentence was imposed in 2013. Thus, his 2017 notice of appeal falls far outside the time for perfecting an appeal, and this Court has no jurisdiction over the appeal.

Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals). Absent an order from the court of criminal appeals granting Appellant permission to pursue an out of time appeal, this Court lacks jurisdiction over Appellant's appeal. *See* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005). Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-17-00198-CR

**ALVIN EUGENE HINES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31047)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*