

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00419-CR

Wilbert P. **STEWART**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 1993CR0145
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed:  August 22, 2018

DISMISSED

On June 18, 2018, appellant filed a notice of appeal, stating he intended to appeal the trial court's order denying his motion for judgment nunc pro tunc. The clerk's record in this appeal has been filed, and it shows appellant was convicted in 1993 based on his plea of guilty and pursuant to a plea bargain. The clerk's record also shows appellant sought or is seeking habeas relief under article 11.07 of the Texas Code of Criminal Procedure.

On July 3, 2018, we issued an order noting that this court lacks jurisdiction over the denial of a motion for judgment nunc pro tunc and over post-conviction felony proceedings under article

11.07. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *Castor v. State*, 205 S.W.3d 666, 667 (Tex. App.—Waco 2006, no pet.). We also noted that in a plea bargain case, a defendant has a limited right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Our July 3, 2018 order gave appellant notice that this appeal would be dismissed unless he, by August 1, 2018, filed a response showing this court has jurisdiction over his appeal and that he has the right of appeal.

No response to this court's July 3, 2018 order has been filed. However, on July 20, 2018, appellant, acting pro se, has filed a document titled, "Summons." The document asserts appellant has the right to appeal and requests that this court notify him "of all proceeding[s] done so far and anything [else] pertaining to [his] appeal." When, as here, an appellant has appointed counsel, the appellant is not entitled to hybrid representation and any document filed pro se presents nothing for our review. *See Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *see also* TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68."). Based on the foregoing, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH