

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00704-CR

Lissette **FUENTES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 16-CRS-318
Honorable Everardo Garcia, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed: December 27, 2018

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence on June 12, 2018. Because appellant timely filed a motion for new trial on July 11, 2018, the notice of appeal was due to be filed on September 10, 2018. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal was not filed until September 27, 2018, and appellant did not timely file a motion for extension of time to file the notice of appeal. *See id.* R. 26.3.

On October 16, 2018, we ordered appellant to file a written response in this court showing cause why this appeal should not be dismissed for lack of jurisdiction. *See Olivo v. State*, 918

S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). We advised appellant that if no satisfactory response was filed within the time provided, we would dismiss the appeal for want of jurisdiction.

Appellant's counsel filed a response, admitting no timely notice of appeal was filed because appellant's counsel was waiting for the trial court "to conclude the hearing on the motion for new trial," which had been reset to September 27, 2018. However, there is nothing in the appellate rules that precluded appellant from filing a notice of appeal timely. Accordingly, because the notice of appeal was not timely filed and no timely motion for extension of time was filed, we lack jurisdiction to entertain the appeal.[1] *See Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). We therefore dismiss the appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] We note that to the extent counsel asks this court to appoint an appellate attorney to represent defendant, the request is denied as moot given our disposition. An attorney appointed to represent an indigent defendant for purposes of trial shall "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2). Moreover, if the defendant desires to appeal, but appointed trial counsel wishes to withdraw, appointed trial counsel must assist the defendant in requesting the prompt appointment of replacement counsel by procuring an order in the trial court. *Id.* art. 26.04(j)(3)(B).