**Memorandum Opinion Issued January 30, 2020 Withdrawn, Petition for Writ of Mandamus Dismissed, Motion for Rehearing Granted, and Substitute Memorandum Opinion filed March 12, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00039-CR

## IN RE ANTHONY WHITNEY NORMAN, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1248767**

## SUBSTITUTE MEMORANDUM OPINION

On January 17, 2020, relator Anthony Whitney Norman filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52.[1] In the petition, relator asks court to compel the Honorable Lori

---

[1] We issued our original Memorandum Opinion on January 30, 2020. Relator filed a motion for rehearing. We grant the motion for rehearing, deny the requested relief, withdraw our prior opinion, and issue this Substitute Memorandum Opinion.

Chambers Gray, presiding judge of the 262nd District Court of Harris County, to rule on his motion to set aside the judgment of conviction because the judge, who presided over his trial in 2011, Judge Denise Bradley, purportedly was constitutionally disqualified to preside over relator's case, thereby rendering his conviction void.

Relator is seeking habeas corpus relief. While the courts of appeals have mandamus jurisdiction in criminal matters, only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code Crim. Proc. Ann. art. 11.07 § 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Therefore, we have no jurisdiction with regard to relator's request in his petition.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).