**Opinion filed August 31, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00219-CR

_____

## IN RE EDDIE DALE UNDERWOOD

**Original Mandamus Proceeding**

## MEMORANDUM OPINION

Relator, Eddie Dale Underwood, has filed a pro se petition for writ of mandamus in this court. He requests mandamus relief related to a 1992 nunc pro tunc judgment adjudicating his guilt for the offense of burglary of a building—a felony. We dismiss Relator's petition for want of jurisdiction.

Relator asserts that the 1992 nunc pro tunc judgment is void, and he requests that we compel the trial court to vacate it. However, we have no authority to grant the relief requested by Relator because the exclusive postconviction remedy in final felony convictions is through a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2021) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force

and effect in discharging the prisoner."). The Texas Court of Criminal Appeals is the only court with jurisdiction in postconviction felony proceedings. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We have no jurisdiction to vacate the nunc pro tunc judgment or to order the trial court to do so. *See id.*

Accordingly, Relator's petition for writ of mandamus is dismissed for want of jurisdiction.

PER CURIAM

August 31, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.