# NO. 12-22-00246-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JERRY D. HARTLESS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Jerry D. Hartless, acting pro se, filed this original proceeding seeking a writ of mandamus to nullify a 2005 judgment of conviction based on an alleged defect that he claims rendered his sentence void.[1]  Relator maintains that he filed a bill of review with Respondent in November 2020 and he appears to complain that a ruling is overdue.  Thus, he asks this Court to issue a writ nullifying the judgment as void.

Relator was convicted of murder in 2005 and this Court affirmed his conviction.  *See Hartless v. State*, No. 12-05-00073-CR, 2006 WL 1633425 (Tex. App.—Tyler June 14, 2006, pet. ref'd) (mem. op., not designated for publication).  The appropriate method for collaterally attacking a final felony conviction is by a petition for writ of habeas corpus.  TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005).  This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under Article 11.07.  *See id.* arts. 11.05, 11.07 (West 2005).  Only the court of criminal appeals has jurisdiction in postconviction challenges to final felony convictions.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also In re Brager*, No. 12-20-00203-

---

[1] Respondent is the Honorable Jefferson B. Davis, Judge of the 145th District Court in Nacogdoches County, Texas.  The State of Texas is the Real Party in Interest.

CR, 2020 WL 5552618, at *1-2 (Tex. App.—Tyler Sept. 16, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus petition seeking to compel respondent to withdraw allegedly void cumulation order and judgment of felony conviction); *In re Jackson*, No. 01-19-00934-CR, 2019 WL 6703945, at *1 (Tex. App.—Houston [1st Dist.] Dec. 10, 2019, orig. proceeding) (per curiam) (mem. op., not designated for publication) (appellate court lacked jurisdiction to issue writ directing trial court to vacate void judgment); *Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, pet. ref'd) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings). Accordingly, we *deny* Relator's petition for writ of mandamus. All pending motions are *overruled as moot*.

Opinion delivered September 22, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 22, 2022**

**NO. 12-22-00246-CR**

**JERRY D. HARTLESS,**
Relator
V.

**HON. JEFFERSON B. DAVIS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Jerry D. Hartless; who is the relator in appellate cause number 12-22-00246-CR and the defendant in trial court cause number F10,487-2002, formerly pending on the docket of the 145th Judicial District Court of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on September 6, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*