

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00228-CR

_____

DAVID DURAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2003-0427-C

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

David Duran attempts to appeal the trial court's order concluding that Duran is abusing the writ process and recommending that the Court of Criminal Appeals take no action on Duran's twentieth Article 11.07 application for a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07. Having no jurisdiction over Article 11.07 writs, we dismiss Duran's attempted appeal.

From Duran's notice of appeal and other documents filed with it, we see that he filed an Article 11.07 application for a post-conviction writ of habeas corpus and that he is ostensibly trying to appeal the trial court's order concluding that Duran is abusing the writ process and recommending that the Court of Criminal Appeals take no action on the application. However, we have no jurisdiction over post-conviction applications under Article 11.07. *See id.*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings"); *Leyhe v. State*, No. 02-20-00154-CR, 2021 WL 126369, at *1 (Tex. App.—Fort Worth Jan. 14, 2021, no pet.) (mem. op.) ("We do not have jurisdiction over matters related to post[-]conviction relief from an otherwise final felony conviction.").

We notified Duran of our concern that we lack jurisdiction over his appeal and stated that unless he filed a response showing grounds for continuing the appeal, we

would dismiss it. *See* Tex. R. App. P. 44.3. We received no response from Duran.

Therefore, we dismiss the appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 15, 2022

---

[1]On September 28, 2022, the Court of Criminal Appeals disposed of Duran's application without action and entered, instead, its customary abuse-of-writ order that it first entered after Duran's seventh application.