

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00256-CR

_____

EX PARTE FREDDIE PILAR BUSTOS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. C-372-W012048-1472251-A

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

On April 23, 2020, this court affirmed Appellant Freddie Pilar Bustos's conviction for aggravated assault of a family member with a deadly weapon. *See generally Bustos v. State*, No. 02-19-00028-CR, 2020 WL 1949027 (Tex. App.—Fort Worth Apr. 23, 2020, no pet.) (mem. op., not designated for publication), *habeas corpus granted in part sub nom. Ex parte Bustos*, No. WR-93,657-01, 2022 WL 1100356, at *1 (Tex. Crim. App. Apr. 13, 2022) (not designated for publication). Bustos subsequently filed an Article 11.07 application for a post-conviction writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.07, alleging, among other things, that he was denied his right to file a petition for discretionary review by his appellate counsel, and the trial court agreed.

Bustos now attempts to appeal the trial court's "Order Adopting Actions of Magistrate and Order of Transmittal," signed March 23, 2022, which recommended that the Court of Criminal Appeals grant Bustos an out-of-time petition for discretionary review and dismissed Bustos's other grounds as premature. However, we have no jurisdiction over matters relating to post-conviction applications under Article 11.07. *See id.*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings"); *Leyhe v. State*, No. 02-20-00154-CR, 2021 WL 126369, at *1 (Tex. App.—Fort Worth Jan. 14, 2021,

no pet.) (mem. op., not designated for publication) ("We do not have jurisdiction over matters related to post[-]conviction relief from an otherwise final felony conviction.").

We notified Bustos of our concern that we lack jurisdiction over his appeal and stated that unless he filed a response showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 44.3. We received no response from Bustos. Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).[1]

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 12, 2023

---

[1]Although the Court of Criminal Appeals granted Bustos relief to file an out-of-time petition for discretionary review, he did not do so within thirty days of the Court of Criminal Appeals's mandate. *See Ex parte Bustos*, 2022 WL 1100356, at *1. Rather, he filed this attempted appeal six months later.