

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES RANDALL DOWNS, | § | No. 08-23-00276-CR |
| Appellant, | § | Appeal from the |
| v. | § | 143rd District Court |
| THE STATE OF TEXAS, | § | of Ward County, Texas |
| Appellee. | § | (TC# 08-10-05019-CRW) |

## SUBSTITUTE MEMORANDUM OPINION

On November 21, 2023, we issued a memorandum opinion and judgment in this appeal. On our own motion, we withdraw our opinion and judgment of said date and now substitute this opinion in the place of our previous opinion.

Appellant James Randall Downs, acting pro se, filed a notice of appeal on October 24, 2023. His notice indicates he is attempting to appeal a judgment of conviction rendered against him in trial court cause number 08-10-05019-CRW for aggravated sexual assault of a child.[1] The

---

[1] In a companion case docketed in this Court as cause number 08-23-00275-CR, Appellant also filed a notice of appeal challenging the judgment of conviction for the offense of aggravated kidnapping, which was rendered by the 143rd District Court of Ward County, Texas, in trial cause number 08-05-04962-CRW. There, sentence was also imposed on January 28, 2009. By separate opinion issued on the same date as this cause, we also dismiss the appeal for lack of jurisdiction.

challenged judgment reflects the trial court assessed his punishment at life imprisonment, and said sentence was imposed on January 28, 2009. To the extent Appellant is attempting to appeal from this judgment, we note he previously brought a direct appeal of the judgment, and this Court affirmed his conviction. *See Downs v. State*, No. 08-09-00068-CR, 2010 WL 3030487, at *1 (Tex. App.—El Paso Aug. 4, 2010, pet. ref'd) (not designated for publication). Mandate was issued in that cause on April 4, 2011.

In a criminal case, a defendant's notice of appeal is due within 30 days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1); *see also Williams v. State*, 603 S.W.3d 439, 448 (Tex. Crim. App. 2020). Out of an abundance of caution, the Clerk of this Court sent a letter to Appellant, on November 3, 2023, notifying him that his notice failed to show the jurisdiction of this Court. The letter further gave notice of our intention to dismiss the appeal for want of jurisdiction, after ten days of the date of the notice, unless grounds were shown for the Court to continue the appeal.

On November 27, 2023, the Court received multiple filings from Appellant, with all filings including a certificate of service indicating each was mailed on November 16, 2023, or days prior to the issuance of our now withdrawn opinion of November 21, 2023. For this cause only, the filings include a motion to suppress blood evidence for lack of a warrant, and a motion for DNA testing. As a joint motion in this cause and in his companion case of 08-23-00275-CR, Appellant also included a motion to suppress contextual evidence and a document titled in part, "Motion to Suppress Motion in Limine." Among his filings, Appellant requests a live hearing to present both constitutional claims and a claim of actual innocence, he seeks forensic DNA testing, and he argues for suppression of evidence. Relevant here, all requests pertain to Appellant's 2009 judgment of conviction for aggravated sexual assault of a child in trial court cause number 08-10-05019-CRW,

2

or otherwise seek post-conviction relief.[2]

We conclude we do not have jurisdiction to hear a second appeal from Appellant's 2009 judgment of conviction for aggravated sexual assault of a child. Only the Texas Court of Criminal Appeals possesses jurisdiction in final post-conviction felony proceedings. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (en banc) (explaining that writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals). Because there is no appealable order or judgment of conviction, we dismiss the appeal for lack of jurisdiction. All pending motions are denied as moot.

GINA M. PALAFOX, Justice

December 5, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.), sitting by assignment

(Do Not Publish)

---

[2] Article 64.01 of the Texas Code of Criminal Procedure requires a movant seeking postconviction DNA testing to submit a motion to the convicting court and that motion must be accompanied by a sworn affidavit. *Skinner v. State*, 484 S.W.3d 434, 438 (Tex. Crim. App. 2016) (citing TEX. CODE CRIM. PROC. ANN. art. 64.01(a–1)).