

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00378-CR

## EX PARTE ANDRE RENOR EVANS

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2015-1341-C1**

## MEMORANDUM OPINION

The "Motion of Leave Requesting En Banc Hearing Objection #2 11.07 Application" was received and filed by the Clerk of this Court on November 27, 2023. The document had been forwarded to this Court by the district clerk of McLennan County. In the motion, Andre Renor Evans complained about the actions of the trial court but was unclear what order or judgment was the subject of the complaint. The motion appeared to possibly relate to a post-conviction application for a writ of habeas corpus. Uncertain of what it was or our jurisdiction to address the complaint, and pursuant to Rule 44.3, Texas Rules of Appellate Procedure, the Court sent a letter to Evans on November 29, 2023. The letter questioned the Court's jurisdiction and pointed out that "this Court has no jurisdiction to review a ruling on an article 11.07 writ of habeas corpus

proceeding." The notice also informed Evans that the Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings." The notice further informed Evans that the proceeding would be dismissed unless a response was filed "explaining what you are attempting to appeal and how the Court has jurisdiction of the appeal."

A timely response was received and filed on December 19, 2023. The response confirms that the document originally filed was not an attempted appeal but rather was related to an application for a writ of habeas corpus filed in the convicting court. In an effort to confirm our lack of jurisdiction, we reviewed the Court of Criminal Appeals' filings and determined Evans' application for a writ of habeas corpus in trial court docket number 2015-1341-C1B, docketed in the Court of Criminal Appeals as WR-72522-06, had been dismissed without written order on November 16, 2023. Moreover, in reviewing Evans' response, it is clear that the motion filed on November 27, 2023 in this Court was an effort to complain about the trial court's findings related to a habeas corpus proceeding and sought reconsideration of the Court of Criminal Appeals' dismissal of his most recent application for a writ of habeas corpus: WR-72522-06. It is unclear why the motion was forwarded to this Court rather than to the Court of Criminal Appeals.

However, based on the foregoing, it is very clear that in this proceeding, we have no jurisdiction of the complaint Evans has raised with regard to the trial court's findings and the Court of Criminal Appeals' disposition of Evans' application for a writ of habeas corpus. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Accordingly, this proceeding is dismissed for want of jurisdiction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Proceeding dismissed
Opinion delivered and filed January 11, 2024
Do not publish
[OT06]

