

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00093-CR

_____

Ex parte David Duran

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F-2003-0427-C

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

David Duran, proceeding pro se, attempts to appeal the trial court's February 12, 2024 order which concludes that Duran is abusing the writ process and recommends that the Texas Court of Criminal Appeals take no action on his twenty-second Article 11.07 application for a post-conviction writ of habeas corpus.[1]  *See* Tex. Code Crim. Proc. Ann. art. 11.07.  We will dismiss Duran's attempted appeal because we do not have jurisdiction over appeals related to Article 11.07 writ applications.  *See Duran v. State*, No. 02-22-00228-CR, 2022 WL 17687417, at *1 (Tex. App.—Fort Worth Dec. 15, 2022, no pet.) (mem. op., not designated for publication) (dismissing a previously attempted Article 11.07 appeal by Duran for lack of jurisdiction).

We have no jurisdiction over post-conviction applications under Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the Court of Criminal Appeals is the "only court with jurisdiction in final post-conviction felony proceedings"); *Duran*, 2022 WL 17687417, at *1.

We notified Duran of our concern that we lack jurisdiction over his appeal and stated that unless he filed a response showing grounds for continuing the appeal, we

---

[1]The record shows that Duran's attempted appeal concerns his final conviction for felony aggravated sexual assault, for which he was sentenced on September 10, 2003.

would dismiss it. *See* Tex. R. App. P. 44.3. Duran responded and stated that he would "like to appeal" the trial court's order for the following reasons:

- He has a right to obtain a writ under Article I of the Texas Constitution and the Open Courts Act;

- "Writ shall never be 'suspended' unless Rebellion or Invasion time";

- The "Anti-Terrorism Act [] does not meet the requirement as Rebellion or invasion, only [the] Civil War 1860 was Rebellion or Invasion time and Death penalty Act does not meet it either";

- New legal or factual bases exist; and

- The State violated his constitutional rights under Article I, Section 13 of the Texas Constitution.

None of these reasons provide us with a basis to assert jurisdiction over his Article 11.07 appeal. For this reason, we dismiss his attempted appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 11, 2024