**DISMISS and Opinion Filed November 14, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-01300-CR

### IN RE ROBERT J. SCHMITT, Relator

**Original proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81160-00**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relator's document styled, "Motion, Writ of Procedendo."

In the document, relator asks that we find the trial court abused its discretion by ordering relator's two twenty-year sentences to run consecutively, and he asks that we "delete the unlawful and illegal cumulation order so the sentences run concurrently." We dismiss this proceeding for want of jurisdiction.

In 2001, relator was convicted of two counts of aggravated sexual assault with a child. The trial court sentenced him to twenty years' imprisonment on each count, and the court ordered the sentences be served consecutively. Relator appealed, and the Tyler Court of Appeals affirmed the judgment. *Schmitt v. State*, No. 12-01-

00306-CR, 2003 WL 22411210, at *1 (Tex. App.—Tyler Oct. 22, 2003, no pet.) (mem op., not designated for publication). The Tyler Court's opinion does not show that relator raised the issue of the cumulation order on appeal. *Id.*

As this Court has repeatedly explained to relator, these types of proceedings are collateral attacks upon the validity of a final judgment of conviction for a felony. Only the Texas Court of Criminal Appeals has authority to grant post-conviction relief from a final felony conviction. *In re Schmitt*, No. 05-19-00870-CV, 2019 WL 3821898 (Tex. App.—Dallas Aug. 15, 2019, orig. proceeding) (mem op., not designated for publication); *In re Schmitt*, No. 05-19-00590-CV, 2019 WL 2266661 (Tex. App.—Dallas May 28, 2019, orig. proceeding) (mem op., not designated for publication).

This Court has no jurisdiction to grant relator the relief he seeks. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

We dismiss relator's "Motion, Writ of Procedendo" for want of jurisdiction.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

241300F.U05