

# NUMBER 13-17-00479-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**VICTOR PRIETO AZAMAR,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

### On appeal from the 430th District Court of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

Appellant, Victor Prieto Azamar, proceeding pro se, attempts to appeal from an order issued in trial court cause number CR-1380-13-J(1) in the 430th District Court of Hidalgo County, Texas. On August 28, 2017, appellant filed a notice of appeal seeking

to challenge the trial court's denial of a motion for new trial. We dismiss this appeal for lack of jurisdiction.

On August 22, 2013, appellant was convicted of aggravated sexual assault. This Court affirmed the trial court's judgment in a memorandum opinion issued on May 21, 2015, in cause number 13-13-00488-CR. Appellant filed a post-conviction application for habeas corpus with the trial court pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through Ch. 49 2017 R.S.). The trial court made findings of fact, conclusions of law, and recommended denying habeas corpus relief. The Court of Criminal Appeals denied appellant's application for writ of habeas corpus on May 17, 2017. *Ex parte Azamar*, No. WR-86,699-01 (Tex. Crim. App. May 17, 2017).

On September 5, 2017, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order, and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has failed to respond to the Court's directive.

An appellate court has the obligation to determine its own jurisdiction. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.—Corpus Christi Apr. 24, 2014, no pet.) (mem. op., not designated for publication). A defendant's notice of appeal must be filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1).

2

This Court lacks jurisdiction to consider a second appeal from appellant's final conviction. The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Texas Code of Criminal Procedure 11.07. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through Ch. 49 2017 R.S.) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Ater v. Eighth Court of Appeals,* 802 S. W.2d 241 (Tex. Crim. App. 1991).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of October, 2017.

3