**Dismissed and Opinion Filed February 9, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00007-CV

### IN RE AARON EARL CARTER JR., Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-00923-Q**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion by Justice Francis

On the Court's own motion, we withdraw our memorandum opinion of January 19, 2018 and vacate the order of that date. This is now the opinion of the Court.

Relator was convicted of aggravated robbery by a jury. After finding two enhancement paragraphs true, a jury sentenced him to thirty years in prison. His conviction was affirmed by this Court on March 11, 2003. *Carter v. State*, No. 05-01-01377-CR, 2003 WL 943873, at *1 (Tex. App.—Dallas Mar. 11, 2003, pet. ref'd) (mem. op.).

In 2014, relator asked this Court to withdraw its mandate from the 2001 appeal. He argued his conviction was void because the trial court had granted relator's motion for new trial on the same day as the conviction. This Court denied the request to withdraw its mandate and dismissed the proceeding for want of jurisdiction to the extent relator sought extraordinary relief because this Court lacks writ jurisdiction over collateral attacks on a final felony judgment. *In re Carter*, No.

05-14-00400-CV, 2014 WL 1477926, at *1 (Tex. App.—Dallas Apr. 14, 2014, orig. proceeding) (mem. op.).

In the current proceeding, relator again seeks relief from the 2001 judgment, this time by seeking review of the denial of a motion for judgment nunc pro tunc. Relator's petition includes an uncertified copy of the document described above that facially appears to be an order granting relator's motion for new trial. Relator asks this Court to order the trial court to place the order granting the new trial in the trial court's records. Relator also asks the Court to order that he is constitutionally entitled to a new trial.

Denials of motions for judgment nunc pro tunc may be challenged by mandamus. *In re Malone*, No. 05–14–01458–CV, 2014 WL 6779279, at *2 (Tex. App.—Dallas Dec. 2, 2014, orig. proceeding) (mem. op.). Challenges to a final felony conviction, however, must be brought through a petition for writ of habeas corpus filed with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Here, relator contends the judgment is void and seeks an order vacating the judgment and ordering a new trial. This proceeding is, thus, a collateral attack on a final, felony conviction that is solely within the jurisdiction of the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07; *see also In re Carter*, No. 05-14-00400-CV, 2014 WL 1477926, at *1 (Tex. App.—Dallas Apr. 14, 2014, orig. proceeding) (mem. op.).

Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

180007F.P05

–2–