

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,018-02

### IN RE JOHN YEAGER, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. C-1-CR-17-100063 IN THE COUNTY COURT AT LAW NO. TWO
### FROM TRAVIS COUNTY

*Per curiam*.

### O R D E R

Relator has filed a motion for leave to file an application for a writ of mandamus pursuant to the original jurisdiction of this Court. Relator asks this Court to issue a writ of mandamus directing Respondent, Judge of the County Court at Law No. 2 of Travis County to set aside an opinion conditionally granting mandamus relief and ordering Relator to refrain from assessing punishment in a misdemeanor case tried to a jury. *In re The State of Texas*, No. C-1-CR-17-100063 (Travis County Court at Law No. 2, Tex. June 12, 2018). Relator sought mandamus relief in the Third District Court of Appeals, which denied relief. *In re Yeager*, No. 03-18-00718-CV(Tex. App. — Austin, June 20, 2019) (not designated for publication).

Relator argues that he has no other adequate remedy at law because a new mandamus is the

only remedy to seek relief from a writ of mandamus issued by a higher court. *Citing Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

The real party in interest entered a plea of "not guilty" to a Class C misdemeanor charge and elected a jury trial for guilt/innocence. Before the jury was empaneled, Relator asked the real party in interest if he were found guilty, whether he wanted punishment to be assessed by the jury or by the judge. The real party in interest indicated that he wanted the judge to assess punishment if he were found guilty by the jury. In response to the real party in interest's election, the State halted its case and filed a mandamus application in Travis County Court at Law No. 2 , seeking to prevent Relator from assessing punishment in any jury trial wherein a jury has returned a guilty verdict.

Respondent, Judge Eric M. Shepperd of the County Court at Law No. 2 of Travis County, issued an opinion conditionally granting mandamus and ordering Relator (and other municipal court judges) to follow the holding of an unpublished opinion from Travis County Court at Law No. 1, precluding a judge from assessing punishment after a jury returns a guilty verdict. *See Stevenson v. State*, Nos. C-1-CR-12-100083, C-1-CR-12-100084, C-1-CR-12-100085 (Travis County Court at Law No. 1, Tex. May 16, 2013).

We order that this application be filed and set for submission to determine whether the Travis County Court at Law No.2 has mandamus jurisdiction over the municipal court judge in this situation; whether Article 37.07 of the Texas Code of Criminal Procedure requires juries to assess punishment in misdemeanor cases on pleas of "not guilty,"a and whether the Respondent has authority to bind Relator or other municipal court judges to refrain from assessing punishment under these circumstances in cases other than the one at issue.

We order the parties, Relator and Respondent or his representative, to brief the issues raised in Relator's Petition. We also invite the real party in interest to brief the issues. All briefs shall be

filed with this Court within 45 days of the date of this order.

Filed: September 11, 2019
Do not publish