

# NUMBER 13-19-00497-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EDUARDO TREVINO,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 144th District Court
### of Bexar County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant, Eduardo Trevino, attempts a second appeal of his April 12, 2000 conviction for attempted kidnapping in cause number 99-CR-4085. His appeal was transferred to this Court from the Fourth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (delineating the jurisdiction of appellate courts); TEX.GOV'T CODE ANN. § 73.001 (granting the supreme court the

authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). The appellant requested the appeal be retransferred back to the Fourth Court of Appeals and the Texas Supreme Court denied the request on November 5, 2019 by Misc. Docket No. 19-9103.

The Fourth Court of Appeals issued a memorandum opinion and judgment on November 8, 2000, regarding trial court cause number 99-CR-4085 in cause number 04-00-00298-CR.[1] On August 14, 2019, the Fourth Court of Appeals dismissed appellant's petition for writ of mandamus as moot in cause number 04-19-00482-CR.

Appellant's notice of appeal "seeks to appeal the adverse decision of said court" and appellant has filed a motion to extend the appellate deadline. On October 30, 2019, the Clerk of this Court notified appellant that it appeared the Court did not have jurisdiction and requested correction of this defect within ten days or the appeal would be dismissed. Appellant has filed a brief, a response stating he believes we have jurisdiction, and a motion for leave to file amended brief.

This Court lacks jurisdiction to consider an appeal from the Fourth Court of Appeal's dismissal of a writ of mandamus and lacks jurisdiction to consider a second appeal from appellant's final conviction. The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Texas Code of Criminal Procedure 11.07. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other

---

[1] The opinion affirmed the trial court's judgment.

proceeding shall be void and of no force and effect in discharging the prisoner"); *Ater v. Eighth Court of Appeals,* 802 S. W.2d 241 (Tex. Crim. App. 1991).

Accordingly, this appeal is DISMISSED for lack of jurisdiction. *See* TEX. R. APP. 43.2(f). Appellant's motion to extend the appellate deadline is DENIED and any pending motions are dismissed as moot.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of November, 2019.