**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed January 23, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-01007-CR

## IN RE BRETT DAVID BOGUS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1433472-A**

## MEMORANDUM OPINION

On December 23, 2019, relator Brett David Bogus filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains that the Honorable Nikita V. Harmon, presiding judge of the 176th District Court of Harris County, has not appointed counsel or an investigator in a habeas corpus proceeding.

Relator filed a post-conviction application for habeas corpus in the trial court, which forwarded the application to the Texas Court of Criminal Appeals. On November 20, 2019, the Court of Criminal Appeals issued an order, remanding the application to the trial court to complete an evidentiary investigation and enter findings of fact and conclusions of law. *See Ex parte Bogus*, No. WR-90,434-01 (Tex. Crim. App. Nov. 20, 2019) (order, not designated for publication). The Court of Criminal Appeals further directed that the issues shall be resolved within 90 days of the court's order and a supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition and the trial court's supplemental findings of facts and conclusions of law be forwarded to that court within 120 days of the order. *Id.*

Relator asks this court to "oversee" the appointment of counsel and an investigator in connection with his post-conviction habeas corpus proceeding. While the courts of appeals have mandamus jurisdiction in criminal matters, only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code Crim. Proc. Ann. art. 11.07 § 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). We have no jurisdiction with regard to relator's request in his petition.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).