

# Fourth Court of Appeals
## San Antonio, Texas

May 13, 2021

No. 04-19-00466-CR

Scott Ralph **WHEELOCK,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B18291
Honorable Rex Emerson, Judge Presiding

# O R D E R

In his underlying criminal case, appellant was charged by indictment with driving while intoxicated, enhanced to a third-degree felony by two prior offenses for the same offense. On September 23, 2020, this court issued an opinion affirming appellant's criminal conviction. On November 12, 2020, this court denied appellant's motion for rehearing and/or new trial. On March 26, 2021, this court issued its mandate in this appeal.

On May 12, 2021, appellant filed the following two pro se pleadings with this court: (1) Motion for Response from Court on 'Writ of Error'" and (2) Writ of Error and Response to Denial of Review of Enhancements. In the first motion, appellant asserts he has not received a response to certain questions he posed regarding proceedings before the trial court. In the writ of error, appellant complains the State did not satisfy its burden of proof with regard to certain enhancements.

It appears from appellant's filings that he is challenging his underlying conviction and/or the legality of his confinement. Appellant's remedy is to file an application for writ of habeas corpus. The Texas Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings," *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991), and the procedure set out in Texas Code of Criminal Procedure Article 11.07 is "the exclusive State felony post-conviction judicial remedy available in Texas." *See* TEX. CODE CRIM. PROC. art. 11.07, § 5 ("After conviction the procedure outlined in [Article 11.07] shall be exclusive and any other proceeding shall be void and of no force and effect in

discharging the prisoner."). Because we conclude that the procedures in Article 11.07 provide the exclusive means for appellant to obtain the relief he requests, we DENY his motion.

It is so ORDERED on this 13th day of May, 2021.

PER CURIAM

PER CURIAM: _____
MICHAEL A. CRUZ, Clerk of Court