**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00200-CR**
_____

**IN RE PATRICK ANDRE DENLEY**

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 81756**

**MEMORANDUM OPINION**

In a petition asking this Court to issue a writ of mandamus, Patrick Andre Denley complains the judgment the trial court signed in Trial Cause Number 81756 is inconsistent with the oral pronouncement of his sentence. For the reasons explained below, we deny Denley's petition.

The judgment from Denley's criminal case—a judgment signed in December 2000—reflects Denley was convicted of robbery. Based on Denley's status as a repeat offender, coupled with the plea bargain agreement he made with the State, the trial court assessed a thirty-year sentence. The record also shows the State agreed to

abandon the allegations in the indictment charging he committed the robbery "by using and exhibiting a deadly weapon, to wit: a firearm."

In his petition, Denley complains the judgment reflects he was convicted of a first-degree felony when under the plea agreement he made with the State, the agreement shows he was to be convicted of a second-degree felony and sentenced as a repeat offender. Denley argues he should now be allowed to withdraw his plea and that he should not be subjected to any further prosecution of the State's claim alleging he was guilty of committing a robbery.

In part, Denley's petition asks for this Court to release him from prison. But we do not have jurisdiction to issue a writ of mandamus in a case seeking to overturn a defendant's conviction on a felony.[1]

Additionally, the judge who signed the judgment in Denley's case in 2000 no longer holds office. Yet Denley failed to name that judge who succeeded the judge who signed the judgment in the case he seeks to overturn as a respondent in the petition he filed in this Court. In addition, Denley did nothing to show that the judge currently presiding over the 252nd District Court either failed or refused to rule on a motion properly filed in that court within a reasonable period of time.[2]

---

[1]*See* Tex. Code. Crim. Proc. Ann. art. 11.07; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

[2]*See In re Fields*, 619 S.W.3d 394, 395 (Tex. App.—Waco 2021, orig. proceeding) (to obtain mandamus relief form the appellate court, a relator must show

2

For all these reasons, Denley has not shown he is entitled to relief on the petition for mandamus he filed in this Court.

PETITION DENIED.

PER CURIAM

Submitted on July 27, 2021
Opinion Delivered July 28, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

that he filed a motion with the current judge and that the current judge failed to act after having had an adequate time to rule).