**DISMISS and Opinion Filed December 16, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01315-CV**

**IN RE GARY ISAAC, Relator**

**Original Proceeding from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F00-00858**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

In this original proceeding, relator seeks a writ of mandamus directing the trial court to vacate the trial court's August 22, 2002 judgment nunc pro tunc, which relator argues improperly added a deadly weapon finding to the original judgment convicting him of injury to a child.

This is the second time relator has filed a petition seeking the same relief from this Court. *See In re Isaac*, No. 05-17-00536-CV, 2017 WL 2351090 (Tex. App.—Dallas May 31, 2017, orig. proceeding) (mem. op.). As we have previously concluded, relator's request is a collateral attack on his conviction and falls within the scope of a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction in final

post-conviction felony proceedings. *Id.*; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (explaining that by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of court of criminal appeals to grant post-conviction relief).

We do not have jurisdiction over relator's request. Accordingly, we dismiss the petition for want of jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

221315F.P05