# NO. 12-22-00322-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RICHARD WAYNE TAYLOR,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Richard Wayne Taylor was convicted of murder and sentenced to life in prison on November 19, 2015.  This Court affirmed the conviction.[1]  On December 22, 2022, Relator filed this pro se original proceeding seeking a writ ordering Respondent to vacate the "void" judgment in which he was convicted and sentenced, dismiss the indictment, and release him from prison.[2]

The appropriate method for collaterally attacking a final felony conviction is by a petition for writ of habeas corpus.  TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005).  This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus proceedings brought under Article 11.07.  *See id*. arts. 11.05, 11.07 (West 2005).  Only the court of criminal appeals has jurisdiction in postconviction challenges to final felony convictions.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also **In re Brager***, No. 12-20-00203-CR, 2020 WL 5552618, at *1-2 (Tex. App.—Tyler Sept. 16, 2020, orig. proceeding) (per curiam) (mem. op., not designated for publication)

---

[1] *See **Taylor v. State***, No. 12-15-00299-CR, 2017 WL 2962988 (Tex. App.—Tyler July 12, 2017, pet. ref'd) (mem. op., not designated for publication).

[2] Respondent is the Honorable Todd Kassaw, Judge of the 159th District Court in Angelina County, Texas. Judge Paul E. White presided over Relator's case but has since retired.  The Real Party in Interest is the State of Texas.

(denying mandamus petition seeking to compel respondent to withdraw allegedly void cumulation order and judgment of felony conviction); ***In re Jackson***, No. 01-19-00934-CR, 2019 WL 6703945, at *1 (Tex. App.—Houston [1st Dist.] Dec. 10, 2019, orig. proceeding) (per curiam) (mem. op., not designated for publication) (appellate court lacked jurisdiction to issue writ directing trial court to vacate void judgment); ***Noble v. State***, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, pet. ref'd) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings). Accordingly, we ***deny*** Relator's petition for writ of mandamus. All pending motions are ***overruled as moot***.

Opinion delivered January 19, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 19, 2023**

**NO. 12-22-00322-CR**

**RICHARD WAYNE TAYLOR,**
Relator
V.

**HON. TODD KASSAW,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Richard Wayne Taylor; who is the relator in appellate cause number 12-22-00322-CR and the defendant in trial court cause number 2014-0049, formerly pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on December 22, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3