In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00119-CR
_____

IN RE SAMAD SEFIANE

_____

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause No. 17-27943
_____

MEMORANDUM OPINION

In a petition for a writ of mandamus, Samad Sefiane argues that he received an illegal sentence because the evidence from the trial of his criminal case, which occurred in 2018, isn't sufficient to support the jury's finding that he inflicted a serious bodily injury on the victim of the assault.[1] For relief, Sefiane asks that this

_____

[1]Relator was convicted of aggravated family violence assault in the Criminal District Court of Jefferson County, Texas, in Trial Court Cause Number 17-27943. *See Sefiane v. State*, No. 09-18-00216-CR, 2019 WL 2439490 (Tex. App.—Beaumont June 12, 2019, pet. ref'd) (mem. op., not designated for publication). Even though Sefiane didn't certify that he served a copy of his petition for mandamus on the Respondent and the Real Party in Interest, we suspend that requirement under the circumstances to expedite resolving the complaints that he has raised in his

1

Court order the trial court "to hold a hearing on his application to correct the penal statute and sentence."

In a criminal case, the relator has the burden to establish that he lacks an adequate remedy at law and that the act which he is seeking the Court of Appeals to compel is ministerial rather than discretionary in nature.[2] Before filing this original proceeding, Sefiane filed an appeal from the conviction he incurred in Trial Court Cause Number 17-27943 for aggravated family violence assault.[3] After we affirmed his conviction, the judgment of conviction became final and the Court issued its mandate.

After a mandate issues, the adequate remedy at law available to a defendant to complain of an alleged error in the judgment requires the judgment's correction through the filing of a writ of habeas corpus.[4] What's more, Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive means by which a defendant convicted of a felony may challenge his conviction unless the punishment that was assessed in the judgment included the death penalty.[5]

---

petition. *See* Tex. R. App. P. 2 (Suspension of Rules); *id*. 9.5(a) (Service of All Documents Required).

[2]*See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

[3]*See Sefiane*, 2019 WL 2439490, at *1; *see also* Tex. Penal Code Ann. § 22.02(b)(2).

[4]*See Ater*, 802 S.W.2d at 243.

[5]*See* Tex. Code Crim. Proc. Ann. art.11.07, §§ 3, 5.

The petition for writ of mandamus is denied.[6]

PETITION DENIED.

PER CURIAM

Submitted on April 30, 2024
Opinion Delivered May 1, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

[6]*See* Tex. R. App. P. 52.8(a).