**DISMISSED and Opinion Filed July 8, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-24-00452-CV**
_____

**IN RE BERNARDIST D. LEE, Relator**

**Original Proceeding from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-9746252**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

In his April 15, 2024 petition for writ of mandamus, relator contends his 1997 murder conviction must be set aside for various reasons, and he requests this Court compel the trial court to grant him a new trial.

Upon review, relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Backusy*, No. 05-23-00674-CV, 2023 WL 4540278, at *1 (Tex. App.—Dallas July 14, 2023, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.3(g), 52.3(h), 52.3(j), 52.3(k)(1)(A), 52.7(a)(1), 52.7(a)(2). For example, relator failed to file with his petition an appendix or record containing documents showing the matter

complained of and any other documents material to his claim for relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.) (explaining that it is relator's burden to provide the Court with a sufficient record to show entitlement to mandamus relief). Additionally, relator included but failed to sign the rule 52.3(j) certification required for consideration of mandamus relief. *See* TEX. R. APP. P. 52.3(j); *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.) (explaining that our precedent requires "exceptionally strict compliance" with rule 52.3(j)).

Notwithstanding these defects, we lack jurisdiction to entertain the petition. Relator brings a collateral attack on a final conviction and, therefore, his complaint falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE OF CRIM. PROC. art. 11.07. The Texas Court of Criminal Appeals, not this Court, has exclusive jurisdiction in final, post-conviction felony proceedings. *Id.*; *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings.").

Accordingly, we dismiss this proceeding for lack of jurisdiction.


/Dennise Garcia/
_____
DENNISE GARCIA
JUSTICE

240452F.P05

–2–