

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00251-CR

## EX PARTE GARY LAYNE SMITH

## Original Proceeding

## From the 66th District Court
## Hill County, Texas
## Trial Court No. 39,230

## MEMORANDUM OPINION

Gary Layne Smith pled guilty to the felony offense of unlawful possession of a controlled substance, morphine, in an amount greater than one gram but less than four grams. *See* TEX. HEALTH & SAFETY CODE § 481.115(c). Pursuant to a plea bargain, the trial court deferred adjudication of guilt and placed Smith on community supervision for five years. Subsequently, the State filed an application to adjudicate guilt, and after a hearing, the trial court found all but three of the allegations contained in the State's application to be true. The trial court found Smith guilty and sentenced him to seven years and six months in prison.

A majority of this Court modified the judgment to delete two restitution amounts and affirmed his conviction on August 31, 2021. *Smith v. State*, 640 S.W.3d 885 (Tex.

App.—Waco 2021, pet. ref'd) overruled in part by *Shircliff v. State*, 654 S.W.3d 788 (Tex. App.—Waco 2022, no pet.). The Court of Criminal Appeals refused Smith's petition for discretionary review on April 20, 2022. We then issued our mandate on May 31, 2022.

Smith has now sent this Court, two years after his conviction became final, a "Petition to Modify Sentence," filed on August 13, 2024, requesting that we "terminate[] execution of [his] sentence in the Interest of Justice, and issue[] an Order to Vacate Judgment." Smith contends he became an "Honorary Consul" in January of 2021 and declares "Consular Immunity." He also asserts that he has been appointed as an Honorary Consul by "King Devile Pentland II" of an undesignated country or jurisdiction and has also been appointed to the International Human Rights Commission by "Judge, Prof. Rafal Wasile," also of an undesignated country or jurisdiction. Smith alleges that he has immediate obligations to meet for the United States that conflict with his original sentence, thus necessitating the request to vacate the trial court's judgment.

Smith's petition is a post-conviction attack on an otherwise final felony judgment of conviction. This Court has no jurisdiction to grant post-conviction relief in an attack on a final felony conviction. *See* TEX. CRIM. PROC. arts. 11.07; 11.05; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("[The Court of Criminal Appeals is] the only court with jurisdiction in final post-conviction felony proceedings.").

Accordingly, this proceeding is dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Petition dismissed
Opinion delivered and filed August 22, 2024
Do not publish
[OT06]

